Sebastian and Frances Lucido v. Commissioner. Frances Lucido v. Commissioner. Sebastian Lucido v. Commissioner.
Lucido v. Commissioner
Docket Nos. 47645, 47689, 47690.
United States Tax Court
T.C. Memo 1955-23; 1955 Tax Ct. Memo LEXIS 307; 14 T.C.M. (CCH) 80; T.C.M. (RIA) 550023; January 31, 1955
*307 Petitioners claimed they filed individual returns for 1947 and a joint return for 1949. On an alleged copy of the return for 1947, petitioner had claimed a $1,000 payment on a declaration of estimated tax. They claimed payment of $2,000 on a declaration of estimated tax on their return for 1948. Respondent's records do not show that returns for 1947 or 1949 were filed nor that the claimed payments were made in 1947 and 1948. 1. Held, petitioners filed no returns for 1947 and 1949, nor did they make payments on declaration of estimated tax for 1947 and 1948, and the deficiencies for 1947, 1948, and 1949, as determined by respondent (with minor concessions made by him), are upheld. 2. Held, further, deficiencies in 1947 and 1949 were due to fraud with intent to evade tax. 3. Held, further, petitioners' failure to file returns in 1947 and 1949 was not due to reasonable cause but to willful neglect. 4. Held, further, petitioners' failure to file a declaration of estimated tax in 1949 was not due to reasonable cause but to willful neglect. Anthony L. Lutomski, Esq., Guardian Building, Detroit, Mich., for the petitioners. Peter K. Nevitt, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion These consolidated proceedings involve the following deficiencies in income tax and penalties: Additions under Sections
Year
Deficiency
291(a)
293(b)
294(d)
(1)(A)
Frances Lucido
Docket No. 47689
1947
$ 124.00
$ 31.00
$ 62.00
0
Sebastian Lucido
Docket No. 47690
1947
447.53
111.88
223.77
0
1948
2,575.00
0
287.50
0
Sebastian and Frances Lucido
1949
1,349.08
337.27
674.54
$134.91
Docket No. 47645
1950
208.12
0
0
0
The issues raised by the pleadings are: (1) did respondent err in determining deficiencies in petitioners' income in the amount of $571.53 in 1947; $2,575.00 in 1948; and $1,349.08 in 1949; (2) whether *309 any part of the deficiencies determined for the years 1947, 1948, and 1949 was due to fraud with intent to evade tax; (3) whether petitioners' failure to file income tax returns in 1947 and 1949 subjects them to the penalty provided by section 291(a) of the 1939 Code; and (4) whether petitioners' failure to file a declaration of estimated tax for 1949 was without reasonable cause so as to subject them to the penalty provided by section 294(d)(1)(A). Respondent conceded on brief that there was no deficiency for 1950, that any deficiency for 1948 was not due to fraud with intent to evade tax, and that an adjustment of $31.05 for tax withheld should be made with respect to the deficiency for 1948. He stipulated that petitioners realized no profit from the operation of their beer and wine store in 1949. Respondent computed petitioners' deficiencies for 1947 in Docket Nos. 47689 and 47690 on the assumption that petitioner, Frances Lucido, who had no income of her own in that year, would elect to treat one-fourth of her husband's income as her community property share thereof. By amended answer, respondent alleged an increased deficiency in Docket No. 47690 for Sebastian Lucido should *310 his wife not elect to treat one-fourth of his income as her community property share and pay the tax due thereon. Pursuant thereto, petitioners may elect how they wish to report and pay the taxes due for that year in a Rule 50 computation. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. Sebastian Lucido (hereinafter referred to as the petitioner) and his wife, Frances Lucido, were residents of Grosse Pointe Woods, Michigan, during all of the years here in issue. Petitioners filed a joint Federal income tax return for 1948 with the collector of internal revenue at Detroit. Petitioner owned and operated a gasoline station, a beer and wine store, and a retail shoe store. Petitioner's attorney prepared individual returns for petitioner and his wife for 1947 and joint returns for them for 1948 and 1949. Such returns were prepared from information given to the attorney by petitioner, and were turned over by the attorney to petitioner for signing and filing. On the return for 1948, filed on June 15, 1949, petitioner claimed a payment of $2,000 on declaration of estimated tax. The respondent's *311 records do not show that any returns were filed by petitioners for 1947 or 1949, nor do his records show that a $2,000 payment on declaration of estimated tax was made for 1948. Neither do such records show that any declaration of estimated tax was filed by petitioners in 1949. In the course of respondent's investigation, petitioner produced copies of his unfiled returns for 1947 and 1949. The amount of income shown thereon for the years 1947 and 1949 was determined by respondent to be substantially correct and was the basis of the deficiencies determined herein. The copy of petitioner's 1947 return showed a $1,000 payment on declaration of estimated tax. Respondent's records do not show that any such payment was made. In a prior investigation by respondent for the years 1944 and 1945, petitioner claimed he had filed returns for such years. He produced copies but respondent's records did not show that such returns were filed. The deficiencies, as determined by respondent except for the concessions heretofore noted, were correct. The deficiencies for 1947 and 1949 were due to fraud with intent to evade tax. Petitioners' failure to file returns for 1947 and 1949 was not due to *312 reasonable cause but was due to willful neglect. Petitioners' failure to file a declaration of estimated tax for 1949 was not due to reasonable cause but to willful neglect. Opinion RICE, Judge: The respondent does not assert nor would we subscribe to the proposition that his records are infallible. However, we think it highly improbable that the records of the Internal Revenue Service for this petitioner could have been consistently wrong for some five years. In 1944 and 1945, he claimed to have filed returns and produced what purported to be copies during the course of an investigation. Here again, he claims returns were filed in 1947 and 1949 and that payments were made on estimated tax liability in 1947 and 1948. Yet, after an exhaustive search, no records of the returns or the payments were found by respondent. We do not believe petitioner's testimony that he filed the returns or made the payments. It is significant that on the copy of his 1947 return he claimed a refund of $341.26; but, in his testimony, attempting to prove that that return had been filed, he made no mention thereof. Petitioner was unable to remember just how the claimed payments of $1,000 and $2,000 were *313 made; and he had no canceled checks or other records to substantiate his uncorroborated testimony. We are satisfied that the deficiencies, as determined by respondent (with the concessions noted), were correct, as were the penalties for failure to file returns for 1947 and 1949 and for failure to file a declaration of estimated tax in 1949. Respondent, also, has shown by clear and convincing evidence that petitioner's failure to file returns in 1947 and 1949 and the resulting deficiencies were due to fraud with intent to evade tax. Decisions will be entered under Rule 50.